**Linda KELLY and Herbert Rielly, Plaintiffs–Appellees,**

v.

**Vincent LOPICCOLO, Defendant.**

**Frank Sisco, Jr., Defendant–Appellant.**

No. 00–7788.

United States Court of Appeals,
Second Circuit.

March 12, 2001.

Barbara Hathaway, Assistant Solicitor General; Eliot Spitzer, Attorney General of the State of New York, Marion Buchbinder and Mark Gimpel, Assistant Solicitors General, Thomas R. Soiled, Assistant Attorney General, on the brief, New York, NY, for appellant.

Evan M. Foulke, Esq., Goshen, NY, for appellee.

Present WALKER, Chief Judge, OAKES and POOLER, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judg-

ment of the district court be and it hereby is AFFIRMED.

Defendant-appellant Sergeant Frank Sisco, Jr., a Corrections Sergeant with the New York State Department of Correctional Services ("DOCS"), appeals from a May 22, 2000 judgment of the United States District Court for the Southern District of New York (Lisa M. Smith, *Magistrate Judge*),[1] entered following a jury trial, awarding plaintiff Linda Kelly, a DOCS Corrections Officer, damages in the amount of $75,500. Kelly brought this action against Sisco, her former supervisor, under 42 U.S.C. § 1983 alleging, *inter alia*, the creation of a hostile work environment and retaliation in violation of her constitutional equal protection and due process rights, and sexual harassment in violation of New York Human Rights Law § 290 *et seq.* Kelly asserted primarily that while she and Sisco worked at Fishkill Correctional Facility, Sisco on several occasions inappropriately touched her and rubbed up against her, despite her requests that he stop. Kelly also testified that Sisco had confronted her about an undershirt she was wearing, and during this confrontation, pulled the shirt out from under her blouse, and touched her breasts. Sisco appeals on several grounds, primarily that the district court abused its discretion in its evidentiary rulings, and that the jury verdict is wholly without legal support. Having considered appellant's arguments, we affirm.

■ Appellant argues first that the district court abused its discretion by permitting two witnesses, Debra Ierardi and Alice Cologna, former corrections officers, to testify about alleged prior acts of sexual harassment by Sisco, on the basis that such testimony is inadmissible under Fed. R.Evid. 404(b). Appellant asserts that be-

cause he denied ever having engaged in the alleged acts of harassment, his intent was not at issue. While evidence of past acts may be admissible to prove intent, knowledge, or absence of mistake, evidence of past acts is not admissible to prove propensity to act in a particular manner, or that Sisco acted in conformity with a particular trait. *See Hynes v. Coughlin*, 79 F.3d 285, 290–91 (2d Cir. 1996). Prior to trial, in an *in limine* ruling, the district court determined that certain testimony by Ierardi was not admissible, for example, testimony that Sisco had licked her face, or touched her buttocks. However, the district court permitted Ierardi to testify that Sisco had rubbed against her, and had grabbed her shirt, because it tended to show his intent, or absence of mistake, in acting in a similar fashion toward Kelly. In addition, the district court determined that Sisco had placed intent at issue, because while he denied "making any inappropriate comments to Kelly, and denie[d] any inappropriate touching of either woman[, h]e does admit to counseling Kelly about wearing undergarments in violation of Department of Correctional Services guidelines." With respect to Alice Cologna's testimony, Sisco did not move *in limine* to preclude her from testifying, but rather objected when she was called as a witness. The district court similarly permitted her to testify only to unwanted touching and rubbing, as relevant to demonstrate Sisco's intent and pattern of conduct. We agree with the district court that Sisco placed his intent at issue here. While it is true that Sisco denied having touched Kelly's breasts, during opening statements, Sisco argued that "Kelly is overly sensitive," and that she has complained about "innocuous incidents." Sisco testified that he counseled Kelly in private regarding her undergar-

---

1. Sitting by consent of the parties under 28 U.S.C. § 636.

**60**

ments, but was only concerned with the DOCS dress code, and did not intend to harass Kelly. Therefore, the district court acted well within its discretion to permit testimony about extrinsic acts to determine "the actor's state of mind[, especially when] the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston v. United States,* 485 U.S. 681, 685, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

■ Appellant next argues that the court improperly limited the testimony the defense could elicit from Herbert Rielly— Kelly's husband, who initially was a plaintiff in this action, but later withdrew by stipulation—as to his role in causing Kelly's emotional distress. The district court did not permit Sisco to inquire about Rielly's prior arrest, or two sexual harassment lawsuits that were brought against Rielly, both of which had, according to Sisco's theory of the case, caused Kelly psychological and emotional distress, and were thus probative of damages. We believe that the district court acted within its discretion under Fed.R.Evid. 403 to exclude such testimony, as any small probative value was far outweighed by the danger of unfair prejudice, as well as the risk that such testimony would lead to "mini-trials" peripheral to the issues at hand.

■ Finally, appellant asserts that the jury award of damages is wholly without legal support because Kelly failed to show that her alleged injuries were proximately caused by Sisco, and that this court should therefore order a new trial. However, because appellant failed to move for judgment as a matter of law on this issue under Fed.R.Civ.P. 50, this claim is not preserved, and we can only grant a new trial if it is necessary to prevent "manifest injustice." *Pahuta v. Massey–Ferguson, Inc.,* 170 F.3d 125, 129 (2d Cir.1999). We do not find that relieving appellant of his

procedural default is necessary to avoid injustice, as the record contained sufficient evidence for the jury to determine that Sisco had caused Kelly's injuries.

We have considered appellant's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.